# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| *Respondent/Plaintiff*, | ) | |
| | ) | |
| vs. | ) | **CIV-10-012-JHP** |
| | ) | **(Case No. CR-08-039-JHP)** |
| **OWEN LEE WEST,** | ) | |
| | ) | |
| *Petitioner/Defendant*. | ) | |

## ORDER

This is a proceeding initiated by the above named Petitioner who is currently an inmate at the Federal Correctional Institution in Petersburg, Virginia. This action was initiated pursuant to the provisions of 28 U.S.C. § 2255. Petitioner contends that his detention pursuant to the Judgment and Sentence of the United States District Court for the Eastern District of Oklahoma, in Case No. CR-08-039-JHP is unlawful. The Respondent filed a response by and through the United States Attorney for the Eastern District of Oklahoma and Petitioner filed a Reply.

The Court has reviewed the relevant trial court record associated with Case No. CR-08-039-JHP. The record reflects:

1. On May 2, 2008, Petitioner/Defendant, OWEN LEE WEST ("WEST") was charged by Criminal Complaint filed in the United States District Court for the Eastern District of Oklahoma, Case Number 08-MJ-037-KEW, with Production of Visual Depictions of a Minor Engaging in Sexually Explicit Conduct in violation of Title 18, United States Code, Section 2251(a). (Doc. 1).[1]

2. WEST was subsequently indicted by a federal grand jury on June 18, 2008. The Indictment, filed in Case Number CR-08-039-JHP, charged WEST with COUNT ONE: SEXUAL

---
[1] Citations to "Doc. __" refer to the Docket Sheet in Case No. CR-08-039-JHP).

EXPLOITATION OF A MINOR CHILD, a violation of Title 18, United States Code, Section 2251(a), COUNT TWO: SEXUAL EXPLOITATION OF A MINOR CHILD, a violation of Title 18, United States Code, Section 2251(a) and COUNT THREE: CRIMINAL FORFEITURE. (Doc. 20-21).

3. On July 24, 2008, WEST, pursuant to a written plea agreement, entered a plea of guilty to Counts 2 and 3: SEXUAL EXPLOITATION OF A MINOR CHILD and CRIMINAL FORFEITURE. (Doc. 30-33).

4. The terms of the written plea agreement provided in pertinent part that the government would move to dismiss Count One of the Indictment at sentencing; the government would file a motion for an additional point reduction for timely acceptance of responsibility pursuant to U.S.S.G. §3E.1.1(a) & (b); WEST agreed to waive his right to appeal the sentence except for a sentence in excess of the statutory maximum; and WEST agreed to waive his right to collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based upon ineffective assistance of counsel which challenge the validity of the guilty plea. (Doc. 33).

4. At the plea hearing, WEST was advised of the nature of the charge to which he was pleading guilty and the range of punishment on the charge. WEST acknowledged he understood each of these. (Change of Plea Transcript, attached hereto as Exhibit "A", at pp. 6-9). The terms of the written plea agreement, including the appellate waiver, were also discussed during the plea colloquy with the Magistrate Judge. (*Id*. at 15-19).

5. At the plea hearing, the Magistrate Judge performed an inquiry as to WEST's competence to enter a guilty plea and found him competent to understand and appreciate the charges against him and the nature, purpose and consequences of the change of plea hearing. (*Id*. at 3-6)

2

6. A Presentence Report ("PSR") was completed which calculated the advisory sentencing guideline range of 210 - 262 months, based upon a offense level of 37[2] and Category I criminal history.

7. At the sentencing hearing on January 5, 2009, the Court approved the written plea agreement, adopted the presentence report as the factual basis for the sentence and sentenced WEST to 240 months, with 60 months of supervised release. (Doc. 41, 45).

8. On January 5, 2009, pursuant to the terms of the plea agreement, the United States of America submitted, and the Court granted for filing, a Notice of Dismissal as to Count One of the Indictment. (Doc. 42).

9. This motion to vacate, filed pursuant to Title 28, United States Code, Section 2255, was filed on January 8, 2010. (Doc. 47).

**ISSUES PRESENTED BY DEFENDANT
IN SUPPORT OF HIS MOTION TO VACATE**

WEST raises the following issues as grounds for his motion to vacate, correct, or set aside sentence pursuant to Title 28, United States Code, Section 2255.

**GROUND ONE:** "Ineffective Council (*sic*) at and before plea hearing"

**GROUND TWO**: "Council (*sic*) was ineffective in not arguing any mitigation at sentencing."

(Doc. 47).

---

[2]The PSR calculated a base offense level of 32 pursuant to U.S.S.G. § 2G2.1, plus 4 levels for the age of the victim pursuant to U.S.S.G. § 2G2.1(b)(1)(A), plus 2 levels for sexual act pursuant to U.S.S.G. § 2G2.1(b)(2)(A), plus 2 levels pursuant to U.S.S.G. § 2G2.1(b)(5) because defendant was a relative of the victim, minus three levels for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a) & (b) for a total of 37.

**DISCUSSION**

"[A] waiver of § 2255 rights in a plea agreement is generally enforceable...." *United States v. Cockerham*, 237 F.3d 1179, 1181 (10th Cir. 2001). Three factors are considered in determining whether such waivers are enforceable: "(1) whether the [§ 2255 motion] falls within the scope of the waiver of [postconviction] rights; (2) whether the defendant knowingly and voluntarily waived his [postconviction] rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc)(reviewing a waiver of appellate rights). In the instant case the plea agreement contained a provision wherein WEST agreed to waive his right to "collaterally attack the conviction and sentence pursuant to 28 U.S.C. § 2255, except for claims based upon ineffective assistance of counsel which challenge the validity of the guilty plea."

A. GROUND ONE

In Ground One WEST claims his counsel "failed to advise" him of the maximum and minimum sentences before he entered a guilty plea. He also claims his attorney informed him that his only option was a plea of guilty, thus precluding the opportunity of having a trial. The allegations contained in Ground One regarding deficient performance of his counsel are arguably not subject to the waiver provisions of the plea agreement because they go to the "validity of the guilty plea." (See Plea Agreement - Doc. 33, p. 7, ¶ 16d ). Even if this claim was not waived by the plea agreement, it is nevertheless not supported by the record and should be rejected by the court.

The record in this case reflects that WEST was fully aware of the charge to which he was pleading and the range of punishment for this crime. At the plea hearing, the Assistant United States Attorney made the following announcement:

> Yes, Your Honor. The defendant was originally indicted with two counts – two substantive counts and criminal forfeiture count. As part of the agreement in this particular case, the defendant is pleading guilty to Count 2 of the Indictment, which is a violation of 18, United States Code, Section 2251(a) for sexual exploitation of a minor child. The punishment for this crime is imprisonment of not less than 15 years, nor more than 30 years, a fine of up to $250,000.00 or both such fine and imprisonment, a term of supervised release of not less than 5 years, and a $100.00 mandatory special assessment.

(Plea Tr. at pp. 6-7). Afterwards, the magistrate judge advised WEST of the range of punishment he was facing, should he plead guilty. (*Id.* at 7-8). WEST was specifically advised by the magistrate judge of his right to have a trial and he signed a written waiver of his right to a jury trial. (*Id.* at 12, 13 and 20; see also Jury Trial Waiver, Doc. 32). Moreover, WEST informed the Court during the plea hearing that he was satisfied with his attorney and believed his attorney had done all he could do to assist him. (*Id.* at 19-20).

Despite the record, however, WEST argues his attorney was ineffective. The assessment of counsel's performance undertaken here, requires that the Court to apply "a heavy measure of deference to counsel's judgments." *Strickland v. Washington*, 466 U.S. 668, 691 (1984). A high level of deference must be afforded to the reasonableness of counsel's performance in light of all the circumstances at the time of the alleged error. See *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986). "The requirement of effective assistance of counsel ... does not mean victorious or flawless counsel." *Brady v. United States*, 433 F.2d 924, 925 (10th Cir. 1970).

An ineffective assistance claim has two components. "First, [claimant] must show that counsel's performance was deficient," *United States v. Owens*, 882 F.2d 1493, 1501 (10th Cir. 1989) (quoting *Strickland v. Washington*, 466 U.S. 668, 686 (1984)). The proper standard for attorney performance is "that of reasonably effective assistance." *Strickland,* 466 U.S. at 686. The Supreme Court mandates that judicial scrutiny of counsel's performance must be highly deferential and "we

must indulge in a strong presumption 'that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Owens*, 882 F.2d at 1501 (quoting *Strickland*, 446 U.S. at 686).

Second, "it is not enough ... to show that the error had some conceivable effect on the outcome of the proceeding." *Strickland*, 446 U.S. at 686. Rather, the claimant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." To prove ineffective assistance of counsel, petitioner/defendant must show that his trial counsel committed serious errors in light of "prevailing professional norms" and that there is "a reasonable probability" that the outcome would have been different had those errors not occurred. *Strickland*, 466 U.S. at 688, 694; see also, *Lockhart v. Fretwell*, 113 S.Ct. 838, 842-843 (1993) (emphasizing that prejudice also requires that errors produced an unfair or unreliable trial). That proof must overcome the "strong presumption" that counsel was effective. *Strickland*, 466 U.S. at 689.

Here, WEST was indicted on two separate counts of child exploitation which spanned a period of over eight years. The facts presented in the PSR established that during this time frame WEST sexually molested a female child and photographed the attacks. The photographs were discovered on WEST's computer and metadata contained within the images identified a camera which WEST owned.[3] The images also depicted furnishings from WEST's residence and also unique pieces of jewelry which belonged to WEST. Furthermore, the victim and her brother informed authorities that WEST had sexually assaulted her. In short, the evidence of guilt was very

---

[3]Evidence revealed to counsel prior to the guilty plea also demonstrated that WEST had used the victim's name in naming some of the images of the sexual abuse which were located on WEST's computer.

6

strong and convictions on both counts was very likely. As a result, it was not ineffective for counsel to advise WEST that pleading to one count and receiving credit for acceptance of responsibility would be advantageous.

Based upon the quantity of evidence against WEST and the record herein, it is clear counsel was not ineffective and the allegations contained in Ground One do not overcome the presumption in support of the same. Consequently, Ground One should be denied.

### B. GROUND TWO

Even though Ground One was arguably outside the waiver provisions of the plea agreement, it is clear WEST's second claim falls squarely within the scope of the waiver. WEST's claim that his counsel was ineffective at sentencing is not "a claim based upon ineffective assistance of counsel which challenges the validity of the guilty plea." (See Plea Agreement - Doc. 33, p. 7, ¶ 16d). As a result the first factor in the *Hahn* analysis - whether the claim falls within the scope of the waiver - is satisfied. The second *Hahn* factor (knowing and voluntary waiver) is also satisfied as to Ground Two because WEST has not argued that he involuntarily waived his post conviction rights to challenge his sentence and conviction. As for the third *Hahn* factor (miscarriage of justice), the Tenth Circuit has described the circumstances under which enforcing a waiver would result in a miscarriage of justice:

> Appellate waivers are subject to certain exceptions, including [1] where the district court relied on an impermissible factor such as race, [2] where ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid, [3] where the sentence exceeds the statutory maximum, or [4] where the waiver is otherwise unlawful. [*United States v.*] *Elliot*, 264 F.3d [1171,] 1173 [(10th Cir. 2001)](citing *United States v. Cockerham*, 237 F.3d 1179, 1182 (10th Cir. 2001).

359 F.3d at 1327 (brackets in original) (internal quotation marks omitted). Here, there is only one possible ground for determining that enforcement of the waiver would result in a miscarriage of

7

justice—namely, that WEST's plea itself was invalid because of ineffective assistance of counsel. However, Ground Two does not relate to the validity of his plea. Ground Two challenges only his counsel's performance at sentencing. Therefore, the claim alleged in Ground Two has been waived by WEST.

Although the Court determines WEST's post-conviction relief waiver is not controlling, the petitioner's second claim is nevertheless without merit. WEST contends his attorney was ineffective in failing to argue for mitigation at sentencing.

As stated above, an ineffective assistance claim has two components: 1) deficient performance and 2) a showing the result would have been different if the performance had not been deficient. In the instant case, WEST has not and cannot make the requisite showing to establish ineffective assistance of counsel at the sentencing hearing.

In considering this issue it bears remembering again that WEST was convicted of photographing the sexual abuse of a small child. Some of the images discovered on WEST's computer depicted the child being vaginally penetrated by WEST's fingers and being vaginally penetrated with inanimate objects such as a hot dog wiener. (See PSR, p. 3, ¶ 13)

The mandatory *minimum* punishment for this heinous crime was 15 years (180 months) and the maximum was 30 years (260 months). The applicable advisory guideline range was 210 - 262 months. The 240-month sentence WEST ultimately received was only five years over the mandatory minimum and in the middle of the advisory Guideline range. Furthermore, the defendant's age and medical issues were contained in the Presentence Report and were considered by the court in sentencing. It cannot be said that presentation of mitigation regarding WEST's

advanced age and health would have resulted in the sentencing being different. (See PSR, p. 8, ¶¶ 33, 34) Consequently, Ground Two is without merit.

Therefore, the Court finds the record demonstrates the petitioner is entitled to no relief and that an evidentiary hearing would serve no purpose, nor would the denial of an evidentiary hearing be an abuse of discretion. *United States v. Barboa*, 777 F.2d 1420, 1422, nt. 2 (10th Cir. 1985).

Accordingly, for the reasons stated herein, Petitioner's Motion to Vacate, pursuant to 28 U.S.C. § 2255, is hereby denied.

**IT IS SO ORDERED** this 18th day of June, 2010.

／s／ James H. Payne
James H. Payne
United States District Judge
Eastern District of Oklahoma